UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jeffrey Merrill

    v.                                               Civil No. 12-cv-397-JD

United States of America


O R D E R


    Jeffrey Merrill, proceeding pro se, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, for relief from his sentence following his guilty plea to charges of being a felon in possession of a firearm and of possessing a firearm with an obliterated serial number.  He was sentenced to twenty-four months imprisonment on those charges.  In support of his motion for habeas corpus relief, Merrill asserts that his trial counsel's representation was constitutionally ineffective because counsel did not raise United States Sentencing Guidelines ("U.S.S.G.") § 2k2.1(b)(2), which allows an offense level reduction for possession of a firearm for lawful sporting purposes.  Merrill also moves for a hearing.

    In addition, Merrill filed a "Response to and Motion for Summary Judgment," which was docketed separately as a cross motion for summary judgment and a response to the government's response to Merrill's motion for habeas corpus relief.  The court has considered Merrill's arguments here.

Background

A burning pickup truck was found in a remote area of Fitzwilliam, New Hampshire, in February of 2010, and the police determined that the truck belonged to Merrill. Merrill made an insurance claim for the truck. During the investigation of the fire, the police learned that Merrill had tried to sell a firearm to an individual several weeks before the fire. In March of 2010, Merrill admitted to police that he had paid two of his co-workers to "get rid" of his truck because Merrill was having financial difficulties.

The police then questioned Merrill about the firearm. Merrill admitted that he owned a .25 caliber pistol with an obliterated serial number. He said that he had purchased the pistol because he was having problems with foxes bothering his chickens. After the interview, police officers went to Merrill's house with him and found the pistol with a loaded magazine. Merrill had been convicted of assault in the second degree in 2006.

Because of his false insurance claim, Merrill was charged with wire fraud and mail fraud in one indictment, 10-cr-111-JD, and with being a felon in possession of a firearm and possessing a firearm with an obliterated serial number in a second indictment, 10-cr-110-JD. He pleaded guilty to all charges. He was sentenced to twenty-four months imprisonment on both counts in 10-cr-111-JD and twenty-four months on both counts in 10-cr-111-JD, to be served concurrently.

On appeal, Merrill argued that at sentencing he should have had the benefit of the "sporting exception" provided by U.S.S.G. § 2K2.1(b)(2). The court held that because Merrill did not raise the issue of the sporting exception in the district court, the issue could be reviewed for plain error only. The court further held that Merrill had the burden of proof on the issue and that the record did not conclusively establish that Merrill was entitled to the sporting exception. Therefore, the court concluded, there was no plain error in computing Merrill's sentence, which was affirmed. The judgment also noted that the court took no position on the question of ineffective assistance of counsel and suggested that Merrill proceed quickly if he intended to seek habeas corpus relief.

## Discussion

For purposes of habeas relief, Merrill contends that his trial counsel provided constitutionally ineffective assistance by failing to raise the sporting exception under § 2K2.1(b)(2). He also moves for a hearing and for appointment of counsel. The government objects, contending that Merrill cannot show that his counsel's performance was deficient or that he was prejudiced.

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." § 2255(a). To succeed on a theory of

3

constitutionally ineffective representation, the prisoner must show "both deficient performance and prejudice."  United States v. Rodriguez, 675 F.3d 48, 58 (1st Cir. 2012).  Counsel's performance is deficient if "representation 'fell below an objective standard of reasonableness.'"  Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010)).  Prejudice means that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Moreno-Espada, 666 F.3d at 64 (quoting Padilla, 130 S. Ct. at 1482).

A. Deficient Representation

Under the Sentencing Guidelines, the base level for the offense of a felon in possession of a firearm is provided in § 2K2.1(a).  In this case, § 2K2.1(a)(6) was applied, which provided a base offense level of fourteen.  The offense level was increased by four because the firearm had an obliterated serial number, § 2K2.1(b)(4)(B).[1]  The sporting exception to the Sentencing Guidelines for a felon in possession of a firearm provides that if the defendant possessed the firearm and ammunition "solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such

---

[1] For purposes of sentencing, the adjusted offense level for the firearms offenses was greater than the level for the fraud offenses.  The combined adjusted offense level was twenty which was reduced by three points for acceptance of responsibility to seventeen.

4

firearms or ammunition," the base offense level would be reduced to six. § 2K2.1(b)(2).

Merrill represents that he obtained the pistol and ammunition only to shoot the foxes that were bothering his chickens, which he contends is a lawful sporting purpose.[2] He asserts that for sentencing his counsel should have advocated for the sporting exception under § 2K2.1(b)(2). In response, the government contends that Merrill's counsel's failure to raise the sporting exception was not deficient performance because Merrill was not eligible for the exception after he tried to sell the pistol, with an obliterated serial number, which is not a lawful use of the gun.[3]

For the sporting exception to apply under § 2K2.1(b)(2), the firearm must be in the defendant's possession "<u>solely</u> for lawful sporting purposes or collection." § 2K2.1(b)(2) (emphasis added); <u>see also</u> <u>United States v. Denis</u>, 297 F.3d 25, 32 (1st Cir. 2002). The Application Note for § 2K2.1(b)(2) explains that whether the defendant possessed the firearm for a lawful sporting purpose or collection is determined based upon the surrounding circumstances, including "the number and type of firearms, the

---

[2] In his response and motion for summary judgment, Merrill acknowledges that he tried to sell the pistol, asserting that he was seeking only a "nominal amount," but provides no evidence to support his assertion.

[3] While counsel did not raise the issue or the exception, paragraph 15 of the Presentence Investigation Report noted that Merrill claimed to have purchased the pistol "because he was having problems with foxes eating his chickens." Therefore, the court was aware at the time of sentencing of Merrill's justification for purchasing the pistol.

amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." § 2K2.1(b)(2), cmt. n.6; United States v. Mason, 692 F.3d 178, 179-80 (2d Cir. 2012).

The pistol found in Merrill's possession had an obliterated serial number and a magazine loaded with ammunition. Merrill told the police that he bought the pistol to shoot foxes and asserts here that such use is allowed under New Hampshire law. He provides no evidence that he ever used the pistol to shoot foxes to support his stated intentions. He does not deny that he tried to sell the pistol.

Some courts have held that lawful financial uses of firearms, that are not inconsistent with sporting or collecting use, will not inevitably disqualify a defendant from the exception provided by § 2K2.1(b)(2). Mason, 692 F.3d at 182 (citing United States v. Miller, 547 F.3d 718, 720 (7th Cir. 2008), and United States v. Collins, 313 F.3d 1251, 1254-55 (10th Cir. 2002)); United States v. Visser, 611 F. Supp. 2d 907, 910-12 (N.D. Iowa 2009) (discussing cases). Other courts have held that a defendant who sells or pawns a firearm does not qualify for the exception, whether or not the firearm was owned for sporting purposes. United States v. Leleaux, 240 Fed. Appx. 666, 669-70 (5th Cir. 2007); United States v. Caldwell, 431 F.3d 795, 799-800 (11th Cir. 2005); United States v. Fredman, 61 Fed. Appx. 82, 84 (4th Cir. 2003). The Sixth Circuit held that the defendant did

6

not possess guns solely for collecting when he sold several of them to raise money.  United States v. Clingan, 254 F.3d 624, 626 (6th Cir. 2001); see also United States v. Gifford, 261 Fed. Appx. 775, 776 (5th Cir. 2008).  In addition, the Tenth Circuit held that "the fact that the guns were loaded cuts against the contention that they were solely for sporting or collection purposes, rather than for personal protection purposes."  United States v. Dudley, 62 F.3d 1275, 1277 (10th Cir. 1995); see also Denis, 297 F.3d at 33 (noting that gun was loaded in denying exception).

For purposes of an ineffective assistance of counsel claim, counsel's representation is reviewed under a highly deferential standard.  Strickland v. Washington, 466 U.S. 668, 689 (1984).  A prisoner can show deficient representation "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it . . . ."  United States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (internal quotation marks omitted).  "Obviously, counsel's performance was not deficient if he declined to pursue a futile tactic."  Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999).

The First Circuit has not addressed the question of whether § 2K2.1(b)(2) would apply in the circumstances of this case, and that question need not be resolved here.  The cases show support for a decision not to pursue an exception under § 2K2.1(b)(2) in the circumstances of this case.  Therefore, counsel's choice was not patently unreasonable.

B. <u>Prejudice</u>

Because Merrill cannot show deficient performance by his trial counsel, he cannot succeed on his ineffective assistance of counsel claim. Even if that were not the case, he has not shown prejudice.

Merrill argues that he was prejudiced by his counsel's failure to raise the sporting exception because § 2K2.1(b)(2) would have reduced his base level offense to six, resulting in a shorter sentence. In making that argument, Merrill ignores his fraud convictions. Even if the total offense level for the firearm convictions had been reduced, based on the application of § 2K2.1(b)(2), the combined offense level and criminal history would have yielded a sentencing guideline range of eighteen to twenty-four months.

As part of sentencing, the court noted that the circumstances of Merrill's fraud conviction were aggravated because Merrill was part of the discussion to use arson to accomplish insurance fraud. The court also noted that insurance fraud has a financial impact on others who pay insurance premiums. The court concluded that "a sentence of appropriate length in prison is necessary to punish the defendant for these offenses, to deter him and others from committing similar offenses and to promote respect for the law."

Merrill was sentenced to twenty-four months for the fraud convictions and twenty-four months for the firearms convictions, with the sentences running concurrently. Based on those circumstances, Merrill has not shown a reasonable probability

that if counsel had raised the sporting exception under § 2K2.1(b)(2) his sentence would have been shorter.

C. Motion for Hearing

A hearing is not necessary to resolve Merrill's motion for relief under § 2255. See Rule 8(a), Rules Governing § 2255 Proceedings. Therefore, counsel is not appointed. Rule 8(c).

## Conclusion

For the foregoing reasons, the plaintiff's motion under § 2255 (document no. 1) and his motion for a hearing (document no. 6) are denied. The plaintiff's motion for summary judgment (document no. 9) is denied.

The clerk of court shall enter judgment accordingly and close the case.

The Rules Governing Section 2255 Proceedings require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." Rule 11(a). The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner has failed to make such a showing. Accordingly, a certificate of appealability is denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

November 26, 2012
cc: Jeffrey Merrill, pro se
    Seth R. Aframe, Esq.